# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM H. MOODY,**
        Petitioner,

   v.                                       Case No. 05C0626

**PHILLIP KINGSTON, Warden,**
**Waupun Correctional Institution,**
        Respondent.

## DECISION AND ORDER

On June 8, 2005, William H. Moody, a Wisconsin state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 23, 2007, I denied his petition. On August 22, 2007, petitioner filed a notice of appeal and a request for a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues

the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

Petitioner raises several issues for appeal pertaining to three broad claims: that counsel provided ineffective assistance prior to and during the plea and sentencing phases; that petitioner's plea was not entered knowingly and voluntarily; and that the trial judge's repeated denial of a continuance deprived petitioner of his due process rights. In this case, I do not believe any of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason.

First, I agreed with the Court of Appeals of Wisconsin that petitioner failed to show how his counsel was ineffective at any stage of the proceedings. Counsel's choice not to pursue certain defenses was reasonable strategy, and petitioner did not demonstrate how other aspects of her investigation prejudiced him. She advised him as to the potential sentences he faced, and she argued vigorously on his behalf for a lesser sentence than the state's recommendation.

Second, the court of appeals reasonably determined that petitioner's plea was entered knowingly and voluntarily. Counsel informed him of the potential maximum sentences he faced both under the plea agreement and if were found guilty by a jury. Counsel and the judge both engaged in detailed discussions with petitioner to ensure he knew and understood all aspects of the plea agreement and the rights he was waiving by

entering a plea of no contest. Counsel did not force petitioner to enter a plea, but merely informed him that the case against him was a strong one.

Finally, as to petitioner's claim that the trial court's denial of a continuance denied him due process, I again believe the determination of the court of appeals was reasonable. Petitioner, several times during the proceedings, was disruptive and antagonistic, sometimes refusing to meet with his attorneys or attend hearings. In light of this behavior and the discretion given to the trial court judge in these matters, I believe the determination that the trial court judge did not abuse his discretion was a reasonable one.

I do not believe jurists of reason would differ as to any of the issues petitioner presented in this case and I do not believe these issues should proceed further. Accordingly, for the same reasons as set forth in my July 23, 2007 Order, petitioner has not made a substantial showing of the denial of any constitutional right.

## IV.  CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge